IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR180 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| MARLON WHITE EYES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 40) issued by Magistrate Judge F.A. Gossett recommending denial of the motion to suppress filed by the Defendant, (Filing No. 25). The Defendant, Marlon White Eyes, filed a statement of objections to the Report and Recommendation and a supporting brief (Filing No. 41) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

The Defendant is charged in a one-count Indictment with assaulting an infant on an Indian reservation, in violation of 18 U.S.C. §§ 1153 and 113(a)(6). (Filing No. 12.) He seeks an order suppressing statements made to law enforcement officers on April 26, 2007, and May 1, 2007. (Filing No. 25.)

Following an evidentiary hearing, Judge Gossett issued a Report and Recommendation in which he concluded, with respect to the April 26, 2007, oral and written statements: the statements were noncustodial; *Miranda* warnings were not required; and there was no evidence of police misconduct or coercion. Regarding the May 1, 2007, statement, Judge Gossett concluded that the Defendant was properly advised of his *Miranda* rights and he voluntarily waived his rights and voluntarily gave his statement. (Filing No. 40.) On the basis of these determinations, Judge Gossett recommended that the Defendant's motion be denied.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

**STATEMENT OF FACTS**

Judge Gossett provided a detailed account of the events surrounding the traffic stop, search, and arrest. The Court has considered the transcript of the hearing conducted by the Magistrate Judge (Filing No. 39). The Court also carefully viewed the evidence (Filing No. 35). Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge 's factual findings in their entirety.

**FACTUAL BACKGROUND**

Briefly, on April 26, 2007, the Defendant was interviewed, along with other members of the family of the infant in question, by three law enforcement officers at the hospital where the infant was initially treated. The Defendant provided both an oral and a written statement. Then, on May 1, 2007, the Defendant was questioned in jail. He waived his *Miranda* rights and gave an oral statement.

**ANALYSIS**

The Defendant objects to the following portions of Judge Gossett's Report and Recommendation: 1) the conclusion that *Miranda* warnings were not required on April 26, 2007, because he the Defendant was not in custody; and 2) the May 1, 2007, statement

is admissible because the Defendant was advised of his *Miranda* rights and voluntarily waived them.

**April 26, 2007**

The Defendant argues that he was in custody and subjected to police interrogation. In a somewhat factually similar case, a defendant was interviewed in his private hospital room, while wearing a neck brace and on medications. The interviewing officer identified himself and stated that he was investigating the fatal accident in question. The officer told the defendant that he did not have to talk, would not be arrested, and could end the interview any time. *United States v. New,* 491 F.3d 369, 373 (8th Cir 2007). The Eighth Circuit carefully "scrutinized" the facts and stated that the focus was properly on any restraint imposed by the officers agents, noting that the focus of the Fifth Amendment is governmental coercion. *Id.*

Looking similarly at the instant case, the Court finds a lack of governmental restraint. Other family members were interviewed in the same situation as the Defendant. While the room was small, windowless, and three agents were present, the evidence is undisputed that there were no threats or coercion and the demeanor of the officers and the Defendant was calm and conversational. The Defendant did not ask to end the interview, he did not hesitate in answering, and he did not request a lawyer. At the end of the interview, the Defendant simply left the room. The Court agrees with the Defendant that the underlying question in determining whether one is in custody relates to "whether there is a formal arrest or restraint on freedom of movement of the degree associated with formal arrest." *California v. Beheler,* 463 U.S. 1121, 1125 (1993). In White Eyes's case, he was not

arrested and the evidence does not show a "restraint on freedom of movement of the degree associated with formal arrest." The objection is denied.

*May 1, 2007*

The Defendant argues that the statement obtained on May 1, 2007, must be suppressed because it is the fruit of the statements illegally obtained on April 26, 2007. Because the April 26, 2007, statements were legally obtained, this argument fails. The objection is denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 40) is adopted in its entirety;

b. The Statement of Objections to the Report and Recommendation (Filing No. 41) is denied;

3. The Defendant's Motion to Suppress (Filing No. 25) is denied.

DATED this 10th day of December, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge